IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE HANDY                                                                                               PLAINTIFF

V.                                                            CIVIL ACTION NO.4:07CV201-WAP-JAD

CHRISTOPHER EPPS, et al.                                                                      DEFENDANTS

REPORT AND RECOMMENDATION

On May 14, 2008, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Handy was attacked by another inmate, Terradance Dobbins. According to Handy he was escorted from his cell for yard call by corrections officers Carter and Mazes. In a matter of minutes he was returned to his cell. Dobbins was waiting for him in his cell with a shank and stabbed him repeatedly. Handy was still handcuffed and shackled at the time of the attack. Handy was stabbed four times before Correctional Officer DeAngelo intervened to stop the attack.

Handy alleges that he was removed from his cell in order to set him up for the attack. He alleges that Carter and Mazes were in on trying to set him up for the attack along with corrections officer Johnson, who was stationed in the control tower and was responsible for opening cell doors and putting inmates into their cells.

Christopher Epps and Lawrence Kelly are not alleged to have had any personal involvement in this case. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social*

*Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978). Therefore Epps and Kelly have no potential liability in this action and should be dismissed.

Captain Yvonne Battle's only involvement in this case is handling the first step of Handy's ARP process. Like Epps and Kelly, Battle is not alleged to have any personal involvement in the attack. Therefore under *Monell* she has no liability for the attack itself. Nor can any liability arise from the ARP process. Inmates do not have a basis for a meritorious civil rights lawsuit based upon displeasure with grievance procedures or the result of any grievance. G*eiger v. Gowers,* 404 F. 3d 371, 374(5th Cir. 2005). Battle should be dismissed from this action.

The only allegations made concerning DeAngelo is that he intervened to stop the attack against Handy. Handy alleges that he could have been killed in the attack. He alleges that DeAngelo stopped the attack. Therefore DeAngelo by Handy's allegations probably saved Handy's life. Having been accused of no wrongdoing, but only quick, appropriate, quite likely heroic action that is deserving of Handy's gratitude, DeAngelo should be dismissed.

The case should proceed as to the remaining defendants.

It is recommended that Epps, Kelly, Battle and DeAngelo be dismissed for failure of the complaint to state a claim. The action should proceed against the remaining defendants.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the

proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 16th day of May, 2008.

/s/ Jerry A. Davis
U. S. MAGISTRATE JUDGE