IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE HANDY                                                                                        PLAINTIFF

V.                                                                  CIVIL ACTION NO.4:07CV201-WAP-JAD

CHRISTOPHER EPPS, et al.                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

This matter came before the undersigned on July 23, 2009, for an evidentiary hearing. It was initially noted that there are defendants who are in default. These defendants will be dealt with on appropriate motion by the plaintiff. This evidentiary hearing has addressed only the defendant Roy Carr who is the sole defendant appearing at trial. The case was called, the rule invoked and both sides announced that they were ready for trial.

The plaintiff called the defendant Roy Carr as an adverse witness. Carr still works for the Mississippi Department of Corrections. The defendant was escorting the plaintiff Handy from the exercise yard back to his cell on July 6, 2007. In accordance with standard procedures, he called Officer Johnson to request that Handy's cell be opened. The cell door was opened and Handy went into his darkened cell. The next thing the defendant knew inmate Dobbins jumped out from a blind spot in the cell and attacked Handy. Dobbins pushed Handy back into the hallway. He beat Handy with his fists and also stabbed him repeatedly with a handmade shank. Carr testified that he had no idea that another inmate was inside of Handy's cell prior to the attack. He was unaware of any animosity or prior difficulties between Handy and Dobbins. He was unaware of any red tags being placed by Handy on Dobbins, which is the procedure by which inmates alert MDOC of potential problems and threats against them by other inmates. Officer D'Angelo attempted to intervene telling

Dobbins to stop and hitting Dobbins with a nightstick. Carr sprayed pepper spray on Dobbins. These actions ended the attack.

Handy was removed from the unit and given medical care after the incident. Carr had searched Dobbins before Dobbins went to the exercise yard. This was a complete strip search. Derex Mayes who was a trainee had escorted Dobbins back from the exercise yard and placed him in Handy's cell. The door to Handy's cell would have been opened by Officer Johnson who was the tower officer on duty.

The plaintiff also called Lawrence Kelly as an adverse witness. Kelly testified to his general understanding of what had happened during the incident. He testified that two employees were disciplined for their roles in the incident. He testified Mayes was fired by MDOC as result of this incident. He indicated that a second officer was also disciplined but could not recall the name. Counsel for the defendant represented to the court without objection that the other disciplined employee was in fact Officer Johnson and that she was fired. Kelly also testified as to training policies and staffing levels. This testimony was admitted over the timely objection of the defendant. The undersigned, however, concurs that this testimony as to the training and staffing is not relevant to this action as Carr had no responsibility for training or supervision.

The plaintiff Willie Handy testified that he and Dobbins had exchanged words over Handy banging on the cell bars to get officers' attention. At that time Handy told Dobbins to mind his own business and pointed out that Dobbins had done the same thing on numerous occasions. Handy did not believe this incident meant that Dobbins was a threat to him. He told no one about the incident nor did he red tag Dobbins. The videotape of the incident was played before the court with Handy identifying individuals shown on the tape. The tape showed Dobbins being placed in Handy's cell

2

at about 10:00 a.m. by Mayes. At approximately 11:20 a.m. Handy was returned to his cell and attacked. Handy noted that Dobbins had left the yard early telling officers that he needed to go to the bathroom. It was unusual for an inmate to leave the exercise yard early.

Handy testified that as he walked into his cell he realized that he had not turned off his lights. About the same time movement from Dobbins attracted Handy's attention. He did not see Dobbins prior to entering the cell. Handy walked away from the site of the attack and was provided with medical care for his wounds. He suffered four stab wounds in the attack. Two stab wounds to his back and one to his leg were closed by stapling. One stab wound to his shoulder required stitches. He testified that he still has back and leg pain as a result of his injuries. He receives ibuprofen for pain management. He also testified to being nervous and anxious since the attack.

At the close of the plaintiff's case, the defendant moved for judgment as a matter of law claiming that the plaintiff had failed to prove his case against Carr. In order to recover the plaintiff must show that the failure to prevent the attack was the result of deliberate indifference on the part of Carr. When an inmate complains of the failure of prison officials to protect him from attacks by other inmates, he must show "a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature." *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986)(quoting *Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981)). Negligence or lack of due care on the part of the prison officials simply does not trigger the protections of the Due Process Clause. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). "Deliberate indifference entails something more that mere negligence but something less than acts or omissions for the very purpose of causing harm or without knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825 (1994). *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986), "[A] prison official cannot be found liable under the

Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Here the plaintiff's proof shows that there was no previous warning as the plaintiff himself did not recognize Dobbins as a threat to his safety. The proof shows that Mayes, not Carr, placed Dobbins in Handy's cell. There is no evidence tying Carr to this critical act. Carr has not been shown to have any awareness of Dobbins being in the cell before the attack. The plaintiff's proof has failed to show even simple negligence on the part of Carr, much less deliberate indifference.

The undersigned recommends that the case against Carr be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 3rd day of September, 2009.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE