IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE HANDY                                                                                      PLAINTIFF

V.                                                              CIVIL ACTION NO.4:07CV201-WAP-JAD

CHRISTOPHER EPPS, et al.                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

This matter came before the undersigned on June 24, 2010 for an evidentiary hearing on the motions for default judgment against the two remaining defendants Shelia Johnson and Derex Mayes. The undersigned recommends that the motions for default judgment (Doc. 63 and 72) be granted and judgment entered for the plaintiff and against the defendants Shelia Johnson and Derex Mayes.

In the earlier hearing it was established that an inmate named Dobbins had exchanged words with Handy in the days before he attacked Handy. Johnson was the tower guard who had been employed in the facility since before Handy's arrival. She was responsible for opening cell doors so inmates could be let in and out of their cells. Mayes was a trainee-employee.

Handy was attacked when he was returned to his cell after time in the recreation yard. He testified at the earlier hearing that Dobbins requested to be taken in before the expiration of his rec time, saying he needed to go to the rest rom. This was a very unusual request. Videotape showed that Dobbins, accompanied by Derex Mayes, was placed into Handy's cell. When Handy returned to his darkened cell, he was immediately attacked by Dobbins. Both Mayes and Johnson were directly responsible for placing Dobbins in Handy's cell. Both Johnson and Mayes were fired by the Mississippi Department of Corrections after investigation of the attack. No evidence was

presented to suggest that there was any accident or mistake involved in putting Dobbins in the wrong cell.

The undersigned recommends that punitive damages be imposed upon both of these defendants for their deliberate and illegal misconduct. Because these defendants acted in concert with each other and with Dobbins in bringing about this attack they should be jointly and severally liable for any punitive damages imposed.

Videotape of the incident showed Dobbins apparently hitting Handy repeatedly. Handy testified that he was stabbed four times during the attack. The videotape did not show any obvious stab wounds or profuse bleeding. Handy walked away after the attack without obvious difficulty. Handy testified the stab wounds were closed either by stitches or staples. He was treated with pain medication; Ibuprofen, according to his earlier testimony. It upset his stomach but did little to relieve his pain. He was in the hospital for two days and was healed within a month of the attack. He testified that his wounds are still painful when he bends over or attempts to sleep on his back. He reported being very nervous since the attack and worried about further attacks by other members of Dobbins' gang. There was no testimony that these wounds were ever considered life threatening and the videotape suggests that Handy's injuries were relatively minor for a stabbing incident. Handy is entitled to compensatory damages from these defendants for the injuries he sustained when attacked by Dobbins.

The undersigned recommends that judgment be entered in Handy's favor for $ 5,000.00 against the defendants Johnson and Mayes in compensatory damages. It is further recommended that judgment be entered against the defendants Johnson and Mayes for $ 5,000.00 in punitive damages. Because these defendants acted in concert, liability for these judgments should be joint

and several. The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

    This the 24th day of June, 2010.

                                        /s/ JERRY A. DAVIS
                                        UNITED STATES MAGISTRATE JUDGE